Patrick TILLIO, Jr., Appellant

v.

NARBETH AMBULANCE; Bryn
Mawr Auto Body.

No. 13–2468.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Due to Jurisdictional Defect or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Aug. 8, 2013.

Opinion filed: Aug. 21, 2013.

Patrick Daniel Tillio, Jr., PA, pro se.

Before: HARDIMAN, GREENAWAY,
JR. and SCIRICA, Circuit Judges.

OPINION

PER CURIAM.

Patrick Tillio appeals pro se from the
dismissal of his complaint by the District
Court. For the reasons that follow, we
will summarily affirm. *See* LAR 27.4;
I.O.P. 10.6.

As best we can construe Tillio's com-
plaint, it appears to be some kind of action
under 42 U.S.C. § 1983.[1] This conclusion
is supported by 1) numerous references
within the complaint to the Lower Merion

Police Department, and 2) an allegation
that some employee of one of the defen-
dants caused a personal injury of some
kind. Our understanding is in part in-
formed by Tillio's previous appeal in a
related case. *Tillio v. Lower Merion Po-
lice,* No. 12–2381, 481 Fed.Appx. 715 (3d
Cir.2012) (nonprecedential). It appears
that someone, who is not identified by
name, has allegedly caused an injury to
Tillio and Tillio's father. There is also an
allegation that an unknown person (identi-
fied as the "chop shop man") moonlights
for the Lower Merion Police Department.
The District Court granted Tillio's motion
to proceed in forma pauperis, then dis-
missed his complaint without prejudice
"because his complaint is rambling and
unclear." The District Court gave Tillio
leave to amend within 30 days, and Tillio
filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C.
§ 1291. "Ordinarily, an order that dis-
misses a complaint without prejudice ...
is neither final nor appealable." *Redmond
v. Gill,* 352 F.3d 801, 803 (3d Cir.2003) (per
curiam) (citing *Borelli v. City of Reading,*
532 F.2d 950, 951 (3d Cir.1976) (per cu-
riam)). But when a District Court gives a
specific amount of time in which to amend
and the plaintiff chooses to file a notice of
appeal in that time instead, that is suffi-
cient to demonstrate an intention to stand
on the complaint. *See Frederico v. Home
Depot,* 507 F.3d 188, 193 (3d Cir.2007); *see
also Batoff v. State Farm Ins. Co.,* 977
F.2d 848, 851 n. 5 (3d Cir.1992). Accord-
ingly, the order here is both final and
appealable. We exercise plenary review
over the District Court's dismissal for fail-
ure to state a claim. *See Lazaridis v.*

---

1. Tillio has checked civil rights, validity of a
patent, and habeas corpus at various points
on the form complaint. But in the "Basis for
Jurisdiction" section of the form, he has

marked federal question jurisdiction and writ-
ten in that the federal right at issue is "civil
rights for me and people."

*Wehmer,* 591 F.3d 666, 670 (3d Cir.2010) (per curiam).

The District Court did not err in determining that Tillio had failed to state a viable claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also* Fed.R.Civ.P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief."). We see no factual allegations of any kind against Bryn Mawr Auto Body, one of the two named defendants. Even assuming, doubtfully, that the other defendant, Narberth Ambulance, would qualify as a state actor for the purposes of § 1983, we perceive no factual allegations suggesting it violated any right. Indeed, the complaint makes no attempt to tie the allegation about the moonlighting employee to the injury Tillio alleged. Tillio's complaint does not even rise to the level of a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal with leave to amend was appropriate. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002). Tillio chose to stand on his complaint, and we agree with the District Court that it was insufficient.

For the reasons given, we will summarily affirm the judgment of the District Court.